NO.  07-09-0318-CR

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
D

 

                                                                APRIL
28, 2010

                                            ______________________________

 

                                                       MICHELLE E. MATLOCK, 

 

                                                                                                            Appellant

 

                                                                             v.

 

                                                        THE STATE OF TEXAS, 

 

                                                                                                            Appellee

                                           _______________________________

 

                         FROM THE 121st DISTRICT
COURT OF TERRY COUNTY;

 

                                  NO. 5826; HON.
KELLY G. MOORE, PRESIDING

                                           _______________________________

 

Memorandum Opinion

_______________________________

 

Before
QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

            Michelle E. Matlock (appellant)
appeals her conviction for possessing a controlled substance.   Via a single issue, she contends that her
due process rights were violated when the police destroyed evidence favorable
to her case in bad faith.  We affirm.

 

 

Background

            Appellant was stopped for
speeding.  Subsequently, active arrest
warrants were discovered, and appellant was placed under arrest.  Consent to search the vehicle was
granted.  The arresting officer searched
appellant’s purse found in the floorboard behind the driver’s seat and found
baggies containing methamphetamine.  A
passenger in the car was also searched, and she too was found to possess
drugs.  A pipe that could be used for ingesting
drugs also was found in the front passenger area of the vehicle.  However, the officer determined that the pipe
would not provide any additional evidence and then destroyed it on the side of
the road.  Appellant was charged with and
convicted of possession of methamphetamine. 
She now appeals that conviction.

Issue – Due Process

            Appellant contends in her sole issue
that her due process rights were violated by the officer destroying
evidence.  She contends that the evidence
was favorable to her case and it prevented her from presenting her defense.  We disagree.

            First, Rule 33.1 of
the Texas Rules of Appellate Procedure governs preservation of error, and
states, in part: “(a) In General.--As a prerequisite to presenting a complaint
for appellate review, the record must show that:  (1) the complaint was made to the trial court
by a timely request, objection, or motion that:  (A) stated the grounds for the ruling that the
complaining party sought from the trial court with sufficient specificity to
make the trial court aware of the complaint, unless the specific grounds were apparent
from the context.”  Tex. R. App. P. 33.1. This rule
encompasses the concept of "party responsibility."  Pena v. State, 285 S.W.3d 459, 463 (Tex. Crim. App. 2009).  The complaining party bears the
responsibility of clearly conveying to the trial judge the particular
complaint, including the precise and proper application of the law as well as
the underlying rationale.  Id. at 463-64.  “Error preservation does not involve a
hyper-technical or formalistic use of words or phrases; instead, ‘[s]traight forward communication in plain English’ is
sufficient.’”  Id. at 464.  “To avoid forfeiting a complaint on appeal,
the party must ‘let the trial judge know what he wants, why he thinks he is
entitled to it, and to do so clearly enough for the judge to understand him at
a time when the judge is in the proper position to do something about it.’”  Id.  This gives the trial judge and the opposing
party an opportunity to correct the error. 
Id.  Whether a party's particular complaint is
preserved depends on whether the complaint on appeal comports with the complaint
made at trial.  Id.  In making this
determination, we consider the context in which the complaint was made and the
parties' shared understanding at that time. 
Id. 

Here,
the record shows that appellant did not preserve her due process claim for
appellate review.  Although appellant
filed a motion for new trial, she failed to raise this claim at that time.  Indeed, appellant stressed the fact that
evidence was destroyed to the jury but as a means to cast doubt on appellant’s
guilt.  Appellant was obligated to put
the trial judge on notice of the specific legal theory that she intended to advocate,
and because she did not, she failed to preserve her complaint that her due
process rights had been violated.[1]  Therefore, we overrule her sole issue.

Accordingly,
we affirm the judgment of the trial court.

 

                                                                        Brian
Quinn

                                                                        Chief
Justice

 

Do not publish.











[1]Appellant agrees with this conclusion
but raised the issue for possible habeas use later.